UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIELLE C.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5441-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence, by discounting her testimony, making an unsupported step three finding, by fashioning an erroneous RFC, and making an unsupported step five finding. (Dkt. # 26.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1973 and previously worked as a hairdresser. AR at 34. Plaintiff applied for benefits in August 2017, alleging disability as of December 31, 2009. *Id.* at 24. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in

ORDER - 1

February 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 42-65. In April 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 24-35. In relevant part, the ALJ found Plaintiff's severe impairments of post-traumatic stress disorder, depression, anxiety, heroin use disorder, methamphetamine use disorder, and cocaine use disorder meet Listing 12.15 and, absent substance use, limited her to a full range of work subject to a series of further limitations. *Id.* at 27-28. Based on vocational expert testimony the ALJ found Plaintiff could perform light jobs found in significant numbers in the national economy. *Id.* at 34-35. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Evaluating the Medical Evidence

Plaintiff filed her disability claim in August 2017. The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the ALJ is required to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With

these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

### 1. Terilee Wingate, Ph.D. and Phyllis Sanchez, Ph.D.

Dr. Wingate examined Plaintiff in June 2017 and opined Plaintiff has marked limitations in performing activities within a schedule, maintaining appropriate behavior in a work setting, and completing a normal workday without interruptions, and moderate limitations in understanding, remembering and persisting in tasks, learning new tasks, asking simple questions, communicating effectively, and setting realistic goals. AR at 305. Dr. Sanchez reviewed Plaintiff's medical evidence in June 2017 and "largely affirmed the opinion" of Dr. Wingate. *Id.* at 32. As to Dr. Wingate's opinion, the ALJ found "the portion of the opinion concerning marked limitations is unpersuasive." *Id*. As to Dr. Sanchez's opinion, the ALJ found "[t]his opinion is unpersuasive." *Id.* The ALJ discounted both opinions as inconsistent with "evidence showing the claimant is able to take public transportation, use her computer, Skype with her kids, help her neighbor with gardening, go to the casino, go to the gym 5 days a week, keep track of multiple therapy, counseling, and recovery groups meetings per week, attend college classes, and be considering a career in peer counseling." *Id*. at 32-33. The ALJ also noted Plaintiff's "depression and anxiety appear to be due in large part to situational stressors related to her children." *Id*.

Plaintiff first argues, without elaboration, "[n]one of the activities listed by the ALJ are actually inconsistent with" the doctors' opinions. (Dkt. # 26 at 4.) Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina*, 674 F.3d at 1111. Here, Plaintiff's argument is nothing more than a conclusory statement that the ALJ erred, made without elaboration, explanation, or citation to supportive evidence. Plaintiff thus falls far short of meeting her burden to show the ALJ harmfully erred. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the

discussion and raise the issues to the court. …We require contentions to be accompanied by reasons."); *see generally Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, No. C19-5755-BAT, 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").

Plaintiff also argues the ALJ "erred by failing to state any reason rejecting the opinions of Dr. Wingate and Dr. Sanchez regarding [Plaintiff's] moderate (defined as 'a significant limitation') limitations, and then by failing to include all of these limitations in his residual functional capacity assessment." (Dkt. # 26 at 4.) While the ALJ's assessment of Dr. Wingate's opinion explicitly mentioned "the portion of the opinion concerning marked limitations," the ALJ's assessment of Dr. Sanchez's opinion, which "largely affirmed" Dr. Wingate's, did not draw such a distinction. AR at 32. Rather, the ALJ summarized Dr. Sanchez's opinion as to marked, moderate, and mild limitations, and found "this" opinion to be "unpersuasive." *Id*. The ALJ accordingly did not err. *See Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

### 2.  *Molly O'Neil, Psy.D.*

Dr. O'Neil provided two medical source statements. In July 2018, she opined Plaintiff's "overall mental health symptoms are currently severe," and noted and assessed Plaintiff's reported symptoms. AR at 447. In February 2019, she similarly opined Plaintiff's "overall mental health symptoms are currently severe," and noted and assessed Plaintiff's reported symptoms. *Id*. at 851-52. The ALJ found the opinion "persuasive in so far as its assessment of

the claimant's mental health symptoms as 'severe' is supported by the medical record. Otherwise, this opinion is vague and does not address specific abilities or work limitations." *Id*. at 33.

Plaintiff argues "[t]he ALJ's analysis here is itself vague and somewhat contradictory. The ALJ fails to apprehend that Dr. O'Neil's opinion supports a finding that [Plaintiff's] PTSD is so severe that it meets Listing 12.15." (Dkt. # 26 at 7.) It is difficult to discern Plaintiff's assignment of error, as the ALJ credited Dr. O'Neil's opinion and found Plaintiff's impairments meet Listing 12.15. *See* AR at 27. Plaintiff accordingly has not established the ALJ harmfully erred.

### 3. Melva Buyers, MSW

Ms. Buyers provided a medical source statement in January 2018, opining Plaintiff "has been diagnosed with moderate levels of Anxiety and Depression along with Post Traumatic Stress Disorder," and that Plaintiff "continues to make progress toward her [treatment] goals." AR at 430. The ALJ found the opinion "persuasive": AR at 33. The ALJ concluded the opinion "is supported by the medical record showing that the claimant's anxiety and depression levels fluctuated in response to situational stressors such as her inability to see her kids regularly." *Id*.

Plaintiff argues, without elaboration, the ALJ "err[ed] by failing to acknowledge that Ms. Buyers's opinion, combined with her treatment records, shows that [Plaintiff] continued to be significantly limited by her mental impairments even after she was clean and sober." (Dkt. # 26 at 6.) This is a conclusory argument and, as noted above, arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are accordingly rejected. Moreover, an ALJ generally may accept any medical opinion and need not even give reasons. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ

must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). The ALJ accordingly did not err by crediting Ms. Buyers's opinion.

### 4. Other Medical Evidence

Plaintiff lists, seriatim, findings and notations of numerous medical providers. (Dkt. # 26 at 7-11). She states the findings of these sources "show that she continued to experience significant mental health symptoms even once she was clean and sober" and support her testimony. (*Id.* at 11.) The Court rejects Plaintiff's conclusory statements as grounds to reverse the ALJ. As discussed above, Plaintiff bears the burden to show the ALJ harmfully erred and conclusory statements regarding Plaintiff's view of the record are insufficient to meet this burden.

### 5. Appeals Council Evidence

The Appeals Council submitted into the record an updated medical evaluation performed by Dr. Wingate. AR at 13-20. Plaintiff argues, without elaboration, "Dr. Wingate's new evaluation, which is dated one month before the ALJ's decision, provides further support for Dr. Wingate's previous evaluation, and it also provides further support for the opinions of Dr. O'Neil and Ms. Buyers. And Dr. Wingate's new evaluation also provides further support for [Plaintiff's] testimony." (Dkt. # 26 at 12.) This is a conclusory argument and, as noted above, arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are accordingly rejected.

**B. The ALJ Did Not Err by Discounting Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified "she experiences paranoia, flashbacks, nightmares, anxiety, and difficulty interacting with people." AR at 30. The ALJ found Plaintiff's testimony inconsistent, however, with Plaintiff's "range of activities" and the medical record. *Id*. at 30-31.

As to Plaintiff's activities, Plaintiff argues the ALJ erroneously found Plaintiff "regularly" frequented a casino. In discussing Plaintiff's activities, the ALJ noted "the record shows that she goes regularly to the casino." AR at 31. Assuming, *arguendo*, the ALJ's finding is unsupported, the error is harmless because the ALJ relied on other sufficiently-supported activities he found to be inconsistent with her testimony. *See Carmickle*, 533 F.3d at 1162. Specifically, the ALJ found Plaintiff "takes the train to visit her kids," "visits her neighbor to help with laundry and gardening," "attends multiple counseling, recovery, and AA meetings per week, and has expressed enjoyment from being around like-minded people," and "go[es] to the gym 5 days a week." AR at 31. The ALJ reasonably concluded these activities are inconsistent with Plaintiff's allegations. *Cf. Molina*, 674 F.3d at 1113 ("The ALJ could reasonably conclude that Molina's activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks."). Plaintiff argues, without elaboration, "none of the other activities listed by the ALJ are actually inconsistent with her testimony[.]" (Dkt. # 26 at 13.) This is a conclusory argument and, as noted above, arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are accordingly rejected.

As to the medical record, Plaintiff argues the "ALJ does not identify any medical records … that meaningfully contradict [Plaintiff's] testimony about her symptoms and limitations." (Dkt. # 26 at 14.) This is a conclusory argument and, as noted above, arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are accordingly rejected. Moreover, contrary to Plaintiff's assertion, the ALJ discussed treatment notes spanning from August 2017 to January 2019. *See* AR at 31. The ALJ's recitation and interpretation of the medical record reasonably portrays Plaintiff's progress, culminating in her "feeling well enough to consider becoming a certified peer counselor," *id.*, a finding Plaintiff does not challenge. The ALJ accordingly reasonably relied on the medical record to discount Plaintiff's testimony. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995)).

### C. The ALJ Did Not Err at Step Three or by Formulating Plaintiff's RFC and Making Step Five Findings

Plaintiff argues the Court should find the ALJ's step three findings, RFC determination, and step five findings are erroneous because the ALJ failed to include all limitations assessed by Dr. Wingate, Dr. Sanchez, Dr. O'Neil, and Ms. Buyers, and testified to by Plaintiff. (Dkt. # 26 at 16.) The argument is foreclosed because, as discussed above, the ALJ gave valid reasons supported by substantial evidence to discount the medical providers' opinions and Plaintiff's testimony.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

//

Dated this 30th day of June, 2021.

*/s/ MJPeterson*
MICHELLE L. PETERSON
United States Magistrate Judge